PER CURIAM.
Appellant challenges his judgments and sentences for attempted first degree murder, kidnapping and aggravated child abuse. He raises two points: (1) that his sentence for attempted murder exceeds the statutory maximum; and (2) that the written sentence for the kidnapping should be conformed to the trial court’s oral pronouncement at the plea and sentencing hearing.
Appellant pled no contest to concurrent forty-year prison terms followed by fifteen years’ probation for the attempted murder and kidnapping and to a fifteen-year sentence on aggravated child abuse. The state correctly concedes that the sentence for the attempted murder exceeds the statutory thirty-year maximum. Sections 775.082(3)(b), 777.04(4)(a), 782.04(1)(a), Fla.Stat. (1989). The state, however, does not concede error in the written sentence for kidnapping.
The written sentence on the kidnapping imposes forty years in prison to be followed by fifteen years’ probation. Appellant contends the written sentence fails to conform to the oral pronouncement of sentence at the end of the hearing when the court failed to again mention the fifteen-year probationary term on the kidnapping charge. The state disagrees. It points out that the court made it clear to appellant while accepting the plea that he would be sentenced to forty years in prison followed by fifteen years’ probation on both the kidnapping charge and the attempted murder. On remand the trial court should clarify whether the written sentence correctly reflected his oral pronouncement of the sentence. See Harris v. State, 574 So.2d 1169 (Fla. 2d DCA 1991).
Accordingly, we affirm the judgments of conviction on attempted murder, kidnapping and aggravated child abuse. We affirm the sentence on aggravated child abuse. However, we vacate appellant’s sentences on the attempted murder and kidnapping charges. On remand, the written sentence on the attempted murder should be changed to reflect a thirty-year, rather than a forty-year, prison term to be followed by fifteen years’ probation. With respect to the kidnapping sentence, the trial court on remand should clarify whether the failure to include a probationary term at the end of the sentencing hearing was inadvertent.
SCHEB, A.C.J., and RYDER and PATTERSON, JJ., concur.